NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEITH L. ARNOLD,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1649

---

Petition for review of the Merit Systems Protection Board in No. CB-1216-16-0017-T-1.

---

Decided: December 13, 2023

---

KEITH L. ARNOLD, Auburn, WA, pro se.

KATHERINE MICHELLE SMITH, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE.

---

Before MOORE, *Chief Judge*, HUGHES and STARK, *Circuit Judges*.

PER CURIAM.

Keith L. Arnold appeals a final decision of the Merit Systems Protection Board that removed him from his position at the National Oceanic and Atmospheric Administration because of his alleged violations of the Hatch Act in 2014 and 2016. S.A. 7.[1] We affirm.

I

Mr. Arnold was employed at the National Oceanic and Atmospheric Administration (NOAA) from March 2010 until the Merit Systems Protection Board (Board) ordered his removal in January 2023. S.A. 2, 7. During that time, he unsuccessfully ran to be a U.S. Representative for the 8th Congressional District in Washington state a number of times. S.A. 2; S.A. 19 (¶ 13).[2] During his candidacy, Mr. Arnold identified himself as a "[p]roud [f]ederal [e]mployee" of NOAA. S.A. 35–36. Mr. Arnold also explained that he was "told federal employees are mostly prohibited from running for Congress by a 'law' called the Hatch Act," but continued to run for office to "fight[] for fairness." S.A. 77–78 (Voters' Guide); S.A. 35–36 (Board discussing Mr. Arnold's campaign website); S.A. 58–59 (¶¶ 16–17).[3]

In 2012 and 2013, Mr. Arnold was repeatedly warned that running for a seat in the House of Representatives

---

[1] Citations to "S.A." refer to the Supplemental Appendix accompanying the Respondent's Informal Brief, ECF No. 19.

[2] There is record evidence that Mr. Arnold also ran for this same office in 2006, 2008, 2010, 2012, 2018, and 2020. S.A. 19 (¶ 13); S.A. 6.

[3] Mr. Arnold has not challenged most of the facts in the OSC's amended complaint. *See* S.A. 62–73 (Pet. Answer to Amended Compl.); S.A. 79–81 (Pet. Admissions). Therefore, we cite the amended complaint throughout this opinion for additional background information.

would violate the Hatch Act. S.A. 18 (¶¶ 3–4). In 2014, in response to an email educating federal employees about the Hatch Act, Mr. Arnold asked the Department of Commerce's (DOC) ethics office if his candidacy would violate the Act, but applied to be a candidate prior to receiving a response. S.A. 18 (¶ 5); S.A. 57–58 (¶¶ 10, 11, 13). The DOC's ethics office responded to Mr. Arnold's inquiry and informed him that the Hatch Act barred his campaign. S.A. 19 (¶ 6); *see also* S.A. 58 (¶ 14). Thereafter, the Office of Special Counsel (OSC) notified Mr. Arnold his candidacy violated the Hatch Act and instructed him to either resign from his job or officially withdraw his candidacy. S.A. 19 (¶ 9); *see also* S.A. 59 (¶¶ 19, 20). Mr. Arnold did neither. S.A. 19 (¶ 12).

On March 8, 2016, the OSC filed a complaint against Mr. Arnold, accusing him of violating the Hatch Act (5 U.S.C. §§ 7321–7326) in 2014, and later amended the complaint to include his 2016 election bid. S.A. 49–54 (Complaint); S.A. 55–61 (Amended Complaint). In September 2016, the administrative law judge granted the OSC's motion for summary adjudication. S.A. 32–40. After a separate evidentiary hearing, the administrative law judge analyzed the *Douglas* factors and determined that removal was the appropriate penalty. S.A. 9–31.

The Board issued a final order in January 2023, affirming the administrative law judge's initial decision and rendering it the final decision of the Board. S.A. 1–2; *see also* 5 C.F.R. § 1201.113(b). The Board denied Mr. Arnold's petition for review and ordered his removal. S.A. 1–8.

Mr. Arnold timely appealed, and we have jurisdiction under 5 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## II

The Hatch Act prohibits certain federal employees from "run[ning] for the nomination or as a candidate for election to a partisan political office." 5 U.S.C. § 7323(a)(3).

A "partisan political office" is defined as "any office for which any candidate is nominated or elected as representing a party any of whose candidates for Presidential elector received votes in the last preceding election at which Presidential electors were selected, but shall exclude any office or position within a political party or affiliated organization." *Id.* § 7322(2). In *McEntee v. MSPB*, 404 F.3d 1320, 1329 (Fed. Cir. 2005), we interpreted the "elected as representing a party" language to not require any "formal endorsement or selection by a major political party."

By regulation, there are two exceptions to this prohibition. First, federal employees who live in certain localities (such as the District of Columbia, *see* 5 C.F.R. § 733.107) may "[r]un as an independent candidate in a partisan election." *Id.* § 734.207(a). Mr. Arnold does not contend that this exception applies. *See* Pet. Informal Br. 1–3; Pet. Informal Reply Br. 1–2.

The second exception allows a federal employee, regardless of locality, to "[r]un as a candidate in a *nonpartisan* election." 5 C.F.R. § 734.207(b) (emphasis added). A nonpartisan election is defined by regulation as:

> (1) An election in which none of the candidates is to be nominated or elected as representing a political party any of whose candidates for Presidential elector received votes in the last preceding election at which Presidential electors were selected; or (2) [a]n election involving a question or issue which is not specifically identified with a political party, such as a constitutional amendment, referendum, approval of a municipal ordinance, or any question or issue of a similar character.

*Id.* § 734.101. Mr. Arnold maintains that because the Washington state primary election is nonpartisan, his candidacy in both 2014 and 2016 did not violate the Hatch Act.

*See, e.g.*, Pet. Informal Reply Br. 1. Therefore, he seeks reinstatement, lost wages and benefits, and any appropriate damages. Pet. Informal Br. 3.

We have upheld the Board's conclusion that a federal employee violates the Hatch Act by running for a position, even as an independent, in the U.S. House of Representatives, because that is partisan political office. *Lewis v. MSPB*, 594 F. App'x 974, 979–80 (Fed. Cir. 2014) (nonprecedential) (affirming *Special Counsel v. Lewis*, 2014 M.S.P.B. 33 (2014)). There, "[t]he record reflect[ed] that, during the last Presidential election, the Democratic and Republican candidates for Presidential electors received votes and both Democratic and Republican candidates ran for the seat for which the respondent campaigned during the 2012 general election and the 2013 special election." *Special Counsel*, 2014 M.S.P.B. 33, ¶ 15.

## III

We will set aside the Board's decision only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's legal conclusions de novo. *Nordby v. Soc. Sec. Admin.*, 67 F.4th 1170, 1172 (Fed. Cir. 2023).

## IV

The sole issue on appeal is whether the Board erred in concluding that Washington state's 8th Congressional District primary elections in 2014 and 2016 were partisan. *See, e.g.*, Pet. Informal Reply Br. 2. Because we agree with

the Board that the elections Mr. Arnold ran in were partisan, we affirm.

We note that Mr. Arnold does not dispute that the office of U.S. Representative is a partisan political office.[4] *See* Pet. Informal Br. 1–3; Pet. Informal Reply Br. 1–2. Instead, Mr. Arnold focuses on the distinction between a partisan political office and a partisan election, arguing that the Washington state election system is nonpartisan even if the office of U.S. Representative is a partisan political office. *See* Pet. Informal Br. 2; Pet. Informal Reply Br. 2. Mr. Arnold also highlights the "[t]op 2 [p]rimary election system" used in Washington state, which differs from a party nominating system because the primary election does not "nominate[] a finalist from each major party, but rather sends the two most popular candidates forward for each office." S.A. 63–64; *see also* Wash. Rev. Code § 29A.52.112 (2014). Only in the general election do the political parties in Washington state elections nominate their candidates. *See* S.A. 38.

The administrative law judge found that "[i]n the 2014 and 2016 general elections for Congress from Washington's 8th District, both candidates represented a political party whose candidates for Presidential elector received votes in the last preceding election at which Presidential electors were selected." S.A. 20 (¶ 14). Therefore, the administrative law judge concluded the general election was partisan. S.A. 20 (¶ 14). And while in Washington state "the primary elections do not, on their face, determine the names of the nominees," it only mattered that "the general election was

---

[4] The administrative law judge found that the office of U.S. Representative is a partisan political office. S.A. 20 (¶ 15). This is consistent with the Third Circuit's holding that "[b]y the plain terms of the Hatch Act, the position of United States Representative is a partisan political office." *Merle v. United States*, 351 F.3d 92, 96 (3d Cir. 2003).

eventually contested by named representatives of the two major political parties." S.A. 22. Therefore, the administrative law judge concluded that the 2014 and 2016 primary elections in which Mr. Arnold campaigned were not nonpartisan elections, but partisan political elections, and Mr. Arnold's candidacy violated the Hatch Act. S.A. 39; *see also* S.A. 22.

We agree. The Board's findings are supported by substantial evidence. The record establishes that the 2014 and 2016 Washington state primary elections do not meet the requirements for a nonpartisan election, i.e., that "none of the candidates is to be nominated or elected as representing a political party any of whose candidates for Presidential elector received votes in the last preceding election at which Presidential electors were selected." *See* 5 C.F.R. § 734.101. And Mr. Arnold admits that in 2014, both the Republican and Democratic political parties at least endorsed their respective nominees. Pet. Informal Br. 2.

Consider Dave Reichert, the incumbent in the 2014 and 2016 primary elections who went on to successfully become the U.S. Representative for the 8th District. *See* S.A. 36–37 & n.11. Mr. Reichert was endorsed by the Washington State Republican Party, which included Mr. Reichert on their website, S.A. 98, and promoted Mr. Reichert's campaign events on their social media page, S.A. 91. When elected in 2014, Mr. Reichert was listed as a "House Republican" on a GOP website. S.A. 100. Therefore, despite the electoral scheme that exists in Washington state, the Board correctly concluded that Mr. Reichert was a candidate that when in office represented "a political party whose candidates for Presidential elector received votes in the last preceding election at which Presidential electors were selected" in the 2014 and 2016 primary and general elections. S.A. 37 & n.11. Therefore, the 2014 and 2016 primary elections were not nonpartisan.

In sum, we agree with the Board that both primary elections were not excepted nonpartisan elections, but impermissible political activities under 5 U.S.C. § 7323(a)(3), and Mr. Arnold's candidacy in those elections violated the Hatch Act.

V

A federal employee who violates the Hatch Act is subject to "(1) disciplinary action consisting of removal, reduction in grade, debarment from Federal employment for a period not to exceed 5 years, suspension, or reprimand; [and/or] (2) an assessment of a civil penalty not to exceed $1,000." 5 U.S.C. § 7326. For his violations of the Hatch Act, the administrative law judge ordered Mr. Arnold's removal. S.A. 9–31. Mr. Arnold does not contest that removal is an appropriate penalty if we conclude he violated the Hatch Act. *See* Pet. Informal Br. 1–3; Pet. Informal Reply Br. 1–2.

Because the Washington state primary elections in 2014 and 2016 were partisan elections and Mr. Arnold violated the Hatch Act, the decision of the Board is affirmed.

**AFFIRMED**

COSTS

No costs.